**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

HORTENCIA OLGA MARINA GRAVE;
HECTOR RAUL DIAZ GARCIA;
MARCELINO CAJBON ALVERADO;

                    Petitioners,

v.                                CIVIL ACTION NO. 3:26-0127

CARL ALDRIDGE,
Superintendent, Western Regional Jail;
MICHAEL T. ROSE,
Acting Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
TODD M. LYONS,
Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELA JO BONDI,
United States Attorney General,
in their official capacities,

                    Respondents.

**ORDER**

Pending before the Court is Petitioners' counsel's Motion to Waive Certain Requirements of L.R.Civ.P. 83.6 and for *Pro Hac Vice* Admission of Co-Counsel Jonathan Sidney. ECF No. 15. The discretionary decision of the presiding judge to permit a non-resident attorney to practice before the court, without admission to the state's bar, is a privilege, not a right. *Thomas v. Cassidy,* 249 F.2d 91, 92 (4th Cir. 1957). Attorney Jonathan Sidney seeks *pro hac vice* admission to provide representation before this Court as attorney for Petitioners. Attorney Sidney is applying to the West

Virginia State Bar and is an attorney of good standing in both Colorado and Ohio. Having reviewed the application, the Court finds that Attorney Sidney is qualified to practice before this Court.

Pursuant to Local Rule 83.6, Attorney Leslie M. Nash of Mountain State Justice, a member of the West Virginia State Bar, will serve as the responsible local attorney. As responsible local attorney, Attorney Nash shall sign all papers that require the signature of an attorney and shall appear at all court proceedings unless expressly excused from appearing.

Petitioners also request that this Court waive Visiting Attorney fees. Under Local Rule of Civil Procedure 83.6(e), "[a] Visiting Attorney and his/her Sponsoring Attorney may file a motion requesting a waiver of the Visiting Attorney fee in a particular case or cases, for good cause shown." The Court finds the motion was filed within 21 days of assignment of the case, as required, and that good cause warrants the waiver of the Visiting Attorney fees. Given counsel's representation in multiple immigration habeas corpus proceedings before this district, requiring payment in each case would be a significant financial burden. Accordingly, the Court **GRANTS** Petitioners' counsel's Motion to Waive Certain Requirements of L.R.Civ.P. 83.6 and for *Pro Hac Vice* Admission of Co-Counsel Jonathan Sidney. ECF No. 21.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        February 25, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-2-